IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WHITE WINSTON SELECT ASSET
FUNDS, LLC, and GT ACQUISITION
GROUP, INC.,

               Plaintiffs,

v.

GOOD TIMES RESTAURANTS, INC.,

               Defendant.

Civil Action No. 19-cv-2092-RGA

MEMORANDUM ORDER

     Defendant filed a motion to dismiss. (D.I. 6). I referred it to a Magistrate Judge. (D.I. 17). The Magistrate Judge made a Report and Recommendation. (D.I. 20). Defendant filed objections. (D.I. 21). Plaintiffs responded. (D.I. 23).

     Magistrate Judges have authority to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant asserts that review of any objections to this report is *de novo* and Plaintiffs do not contest that assertion. (D.I. 21 at 9; *see* D.I. 23). I agree that review is *de novo*.

     The Magistrate Judge recommends that I deny Defendant's motion to dismiss for failure to state a claim. (D.I. 20 at 1). First, the Magistrate Judge recommends that the Delaware statute of frauds does not apply to the Stock Purchase Agreement ("SPA") because "the facially plausible complaint alleges the parties could have exercised their best efforts to close the transaction 'within the space of 1 year.'" (*Id.* at 9). Second, the Magistrate Judge recommends that the Amended Letter of Intent ("LOI") does not bar Plaintiffs' alternative promissory estoppel claim because the complaint does not claim that Defendant breached any binding covenant in the Amended LOI and because the SPA is a "separate and distinct" agreement. (*Id.* at 11). Third, the Magistrate Judge recommends that Delaware law permits Plaintiffs'

1

promissory estoppel claim where, as here, a defendant denies being "contractually bound to the plaintiff[] or asserts that the contract is unenforceable." (*Id.* at 13).

Defendant objects to the Magistrate Judge's recommendations on two grounds. (D.I. 21 at 1).

First, Defendant argues that the Magistrate Judge erred in concluding that the SPA is outside the statute of frauds and therefore did not need to be in writing. (*Id.*). Defendant contends that, because either party could trigger the indemnity clause of the SPA up to eighteen months after closing, the "performance of the indemnity obligations could not be performed within a one-year period." (*Id.* at 5).[1] Defendant's argument, however, misunderstands the statute of frauds. Under the statute of frauds, an oral agreement that cannot be performed within one year is not enforceable. 6 Del. C. § 2714. It does not matter if the contract might not be performed within one year, but rather the issue is whether it is possible for the contract to be performed within one year. *See Haveg Corp. v. Guyer*, 211 A.2d 910, 912 (Del. 1965)[2] ("It has been the law in Delaware for many years that the Statute of Frauds does not apply to a contract which may, by any possibility, be performed within a year."). Defendant has not shown that it is impossible for the contract to be performed within one year. In particular, as the Magistrate

---

[1] Defendant also argues that the fact that either party could terminate the SPA within one year does not bring the SPA outside the statute of frauds because "[t]ermination is not performance." (D.I. 21 at 6-7). Plaintiffs point out that this is a new argument that was not raised before the Magistrate Judge and that Defendant has not attempted to describe the good cause for its failure to previously raise this argument before the Magistrate Judge, as required by the October 9, 2013 Standing Order for Objections Filed under Fed. R. Civ. P. 72. (D.I. 23 at 6-7). Upon review of Defendant's briefing (D.I. 7 at 13, D.I. 12 at 2) and the transcript from the hearing on the motion (D.I. 19), I agree that "termination is not performance" is a new argument and that Defendant has not shown good cause for not previously raising it. Thus, I will not consider Defendant's "termination is not performance" argument.

[2] Despite citation to *Guyer* in Plaintiffs' Answering Brief and reliance upon *Guyer* in the Report and Recommendation, Defendant ignores *Guyer* in both its Reply Brief and in its Objections.

Judge pointed out (D.I. 20 at 7), the contract required best efforts to come to closing within sixty days.  The parties could make their best efforts and yet not come to closing, in which case they would have performed within one year.  I therefore overrule Defendant's objection to the Magistrate Judge's recommendation on the statute of frauds.

Defendant's second objection is that the Magistrate Judge erred in rejecting Defendant's argument that the Amended LOI contractually bars Plaintiff's promissory estoppel claim.  (D.I. 21 at 7-9).  Quoting *Weiss v. Northwest Broadcasting Inc.*, 140 F. Supp. 2d 336, 345 (D. Del. 2001), Defendant asserts that the promises Plaintiffs allege to have relied on contradict the terms of the Amended LOI, and "a party cannot assert a promissory estoppel claim based on promises that contradict the terms of a valid, enforceable contract."  (*Id.* at 8).  Defendant contends that, because paragraph 8 of the Amended LOI states, "All obligations or commitments to proceed with the Acquisition shall be contained only in the [SPA]," Plaintiffs' promissory estoppel claims relates to purported promises outside the SPA and contradicts the Amended LOI.  (*Id.*).

As the Magistrate Judge noted in her report, Defendant "acknowledges that the Amended LOI and the SPA are separate and distinct" and "admits that 'paragraph 8 addresses the legal effect of the Amended LOI—not the SPA.'"  (D.I. 20 at 11; *see* D.I. 12 at 8).  Defendant's objections do not address the fact that, unlike in *Weiss*, the valid and enforceable contract (the Amended LOI) is separate and distinct from the contract on which Plaintiffs assert a claim of promissory estoppel (the SPA).  I do not read *Weiss* to say that promissory estoppel claims are barred from being asserted when they contradict a separate and distinct contract that is not the basis for the promissory estoppel claim.  Therefore, I overrule Defendant's second objection to the Magistrate Judge's recommendation.

Thus, the Magistrate Judge's Report and Recommendation (D.I. 20) is **ADOPTED**.

Defendant's motion to dismiss (D.I. 6) is **DENIED**.

Entered this 8th day of September, 2020.

  /s/ Richard G. Andrews
United States District Judge

4